UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HEATHER RUSSELL WILDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-93 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| HON. WILLIAM K. SWANN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 21] referring various motions to this Court for disposition. Now before the Court is the Plaintiff's Motion for a Temporary Restraining Order [Doc. 18]. For the reasons stated herein, the Court will **RECOMMEND** that the Plaintiff's Motion for a Temporary Restraining Order be **DENIED**.

**I. BACKGROUND**

This case originates out of divorce case filed in Knox County, Tennessee. The Plaintiff alleges that the Defendants, who played various roles in the divorce, have violated her and her minor children's civil rights and conspired to aid her husband in the proceedings. [See Doc. 1 at 1-2]. The Plaintiff alleges that the Defendants have violated 42 U.S.C. §§ 1983, 1985, along with other federal statutes. [Doc. 1 at 2-3]. The Plaintiff seeks injunctive relief in various forms, compensatory damages, and punitive damages. [Doc. 1 at 20-21].

The instant motion was filed on April 12, 2011. It requests that the Court enter a restraining order. It appears that she makes this request as to all of the Defendants in this case. However, only four of the nine Defendants in this matter have been served with notice in this case and/or entered a notice of appearance in this case. [See Docs. 2, 3, 4, and 6]. Each of these Defendants have responded in opposition to the instant motion. [Docs. 23, 24, 25, and 26]. The Plaintiff has not filed a final reply in support of her motion, and the time for doing so has passed, see E.D. Tenn. LR 7.1.

Based upon the foregoing, the Court finds that the Plaintiff's Motion for a Temporary Restraining Order [Doc. 18] is ripe for adjudication.

## II. ANALYSIS

The Plaintiff's request for a temporary restraining order does not include a cognizable request for relief, does not meet the standard set for issuing such extraordinary relief, and does not comply with the Federal Rules of Civil Procedure. Thus, for the reasons stated below, the Court finds that the request is not well-taken.

### A. Failure to State a Cognizable Request for Relief

Initially, the Court finds that the Plaintiff's Motion for a Temporary Restraining Order [Doc. 18], does not state a cognizable request for relief, because the Plaintiff has not clearly stated what actions or inaction she seeks to enjoin.

The Plaintiff states her request, as follows: "Pursuant to Rule 65(b)(1)(2) of the Federal Rules of Civil Procedure and 18 U.S.C. 73 § 1512(b)(1)(2), (d)(1)(3), the Plaintiff respectfully asks the honorable court to issue a Temporary Restraining Order against all the Defendants in said case." [Doc. 18 at 1]. The Plaintiff does not state what the Defendants are to be restrained from doing, nor

why they should be so restrained. Nor does she state any legal basis for such extraordinary relief.

After thoroughly reviewing the Motion for Temporary Restraining Order [Doc. 18], the Court finds that it does not make a specific or cognizable request that actions on the part of the Defendants be restrained. At best, the Court could possibly guess at the relief requested and/or some legal basis for the same, but rendering a decision based on such guesswork would be ill-advised and inappropriate. It is the Plaintiff's burden to establish her need for or right to such extraordinary relief. Thus, the Court finds, initially, that the Motion for a Temporary Restraining Order should be denied because it fails to state a cognizable request for relief.

**B.     Temporary Restraining Orders**

Even assuming the Plaintiff's request for relief were apparent, she has failed to demonstrate the appropriateness of the drastic remedy which she requests be enacted.

A preliminary injunction has been characterized as "one of the most drastic tools in the arsenal of judicial remedies." Bonnell v. Lorenzo, 241 F.3d 800, 808 (6th Cir. 2001) (quoting Hanson Trust PLC v. ML SCM Acquisition Inc., 781 F.2d 264, 273 (2d Cir. 1986))

A district court's decision to grant or deny a preliminary injunction is reviewed on appeal for an abuse of discretion, while giving great deference to the district court's determination. Bonnell, 241 F.3d at 808 -809. In making its determination, courts must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." Bonnell, 241 F.3d at 809 (quoting Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods., 134 F.3d 749, 753 (6th Cir.1998)).

The Court is aware that, pursuant to Rule 52 of the Federal Rules of Civil Procedure, courts should make specific findings concerning each of these four factors, unless fewer are dispositive of the issue. Fed. R. Civ. P. 52(c); see also In re DeLorean Co., 755 F.2d 1223, 1228 (6th Cir.1985). In this case, the Plaintiff has failed to state the relief she seeks or to clearly state factual allegations that form the basis for any claim to injunctive relief. The Court finds that: the Plaintiff has not demonstrated a strong likelihood of success on the merits; she has not demonstrated that irreparable injury will occur without an injunction; she has not demonstrated that there is a substantial likelihood of harm to others; nor has she identified any public interest that would be served by injunctive relief in this case. The Court finds that the Plaintiff has not demonstrated that injunctive relief is necessary or appropriate in this case, and the Court further finds that, given the opaqueness of the Plaintiff's pleadings, additional discussion of these factors is not necessary.

C.  **Temporary Restraining Orders Issued Without Notice, Pursuant to Rule 65 of the Federal Rules of Civil Procedure**

Finally, the Court addresses the Plaintiff's apparent request that the Court issue injunctive relief, without notice to the Defendants in this matter. [See Doc. 20 (requesting an *ex parte* hearing on the Motion for Temporary Restraining Order)].

As Rule 65 of the Federal Rules of Civil Procedure directs:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

After reviewing the Complaint [Doc. 1] and Motion for Temporary Restraining Order [Doc. 18] filed by the Plaintiff, the Court finds that the Plaintiff has not met the requirements of Rule 65(b)(1). [See also Doc. 28 (finding that the Plaintiff has not complied with Rule 65(b)(1))]. Accordingly, the Court finds that the request to issue a temporary restraining order, without notice to the Defendants, is not well-taken.

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff has not demonstrated the appropriateness or necessity of injunctive relief in this matter. Accordingly, the Court **RECOMMENDS**[1] that the Motion for a Temporary Restraining Order **[Doc. 18]** be **DENIED**, and all requests for injunctive relief contained therein be **DENIED**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).